IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 11-CV-23233-KING

ALLAN CAMPBELL,

    Plaintiff,

v.

AIR JAMAICA LTD. and
CARIBBEAN AIRLINES,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

**THIS MATTER** comes before the Court upon Defendant Air Jamaica Ltd.'s Motion to Dismiss (DE #20) and Defendant Caribbean Airlines Limited's Motion to Dismiss (DE #22), filed June 22, 2012 and June 27, 2012, respectively. Therein, Defendant Air Jamaica Ltd. ("Air Jamaica") seeks dismissal of the above-styled action for lack of subject matter jurisdiction, while Defendant Caribbean Airlines Limited ("Caribbean Airlines") seeks dismissal of the above-styled action as time-barred. The Court is fully briefed on the matter[1] and proceeds with the benefit of oral argument.[2] Upon careful consideration of the allegations of Plaintiff Campbell's Amended Complaint (DE #9) and the arguments set forth in the Parties' briefings and at oral argument, the Court finds it must dismiss the above-styled action for lack of subject matter jurisdiction.

---

[1] Plaintiff Campbell filed his Responses (DE #23, 24) on July 9 and July 16, 2012, respectively, and Defendants filed Replies (DE #26, 32) on July 18 and July 24, 2012, respectively.

[2] The Court heard oral arguments on August 1, 2012.

The above-styled action arises from Defendants' alleged refusal to allow Plaintiff Campbell to board a flight for which he was ticketed, which Plaintiff Campbell alleges caused him to suffer a heart attack. Plaintiff Campbell, proceeding *pro se*, filed the initial Complaint (DE #1) on September 7, 2011. Before service was effectuated, the Court *sua sponte* dismissed the Complaint without prejudice for failure to state a claim and for failure to state adequate grounds for subject matter jurisdiction. (DE #4). Plaintiff Campbell filed the Amended Complaint (DE #9) on December 12, 2011, which is now the operative pleading.

In the Amended Complaint, Plaintiff Campbell alleges that he had a ticket for a flight on Air Jamaica scheduled to depart from the Norman Manley Airport in Kingston, Jamaica on September 8, 2009, and arriving at the Fort Lauderdale-Hollywood Airport in Fort Lauderdale, Florida on the same day. (Am. Compl. ¶¶ 1&2). When "plaintiff proceeded to embark on said flight . . . [he] was recalled back to the boarding gate . . . [and] told that he would not be accommodated on the flight and should return to the check-in counter to arrange to depart on the next flight." (*Id.* ¶¶ 8&9). Plaintiff Campbell alleges that "defendant[s] acted negligently" by "recalling the plaintiff to the boarding gate while the plaintiff was embarking," "bumping the plaintiff from the flight," delaying Plaintiff Campbell's travel to Ft. Lauderdale, "refus[ing] to accommodate the plaintiff at a hotel, [and] leaving plaintiff stranded at the airport until the following day," when he could eventually board a flight to Ft. Lauderdale upon payment of a $150.00 change fee. (*Id.* ¶¶ 11–13). Plaintiff Campbell seeks $5,000,000.00 in damages for a heart attack he suffered allegedly as a result of the delay. As a basis for federal jurisdiction, Plaintiff Campbell asserts that federal jurisdiction is proper under Article 33 of the Montreal

Convention, because he asserts claims for damages for personal injury.[3] (Am. Compl. ¶¶ 18&19). Convention for the Unification of Certain Rules Relating to International Transportation by Air art. 33, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force on Nov. 4, 2003), *reprinted in* S. Treaty Doc. No 106-45, 1999 WL 33292734 [hereinafter "Montreal Convention" or "Convention"] (conferring subject matter jurisdiction on courts located in the location of the plaintiff's permanent residence if claiming damages for death or personal injury). Before the Court now is Defendants' Motions to Dismiss. (DE #20, 22).

With the instant Motions, Defendants present contradictory arguments as to why this Court should dismiss the above-styled action with prejudice. Defendant Air Jamaica argues that this Court lacks subject matter jurisdiction, because the Amended Complaint fails to allege a claim under the Montreal Convention. (DE #20). By contrast, Defendant Caribbean Airlines concedes that this Court has subject matter jurisdiction under the Montreal Convention, but argues that the above-styled action should be dismissed nevertheless under the limitations' period of Article 35 of the Convention.[4] (DE #22). Upon careful consideration of the pleadings, the procedural history of this matter, and the Parties' arguments, the Court finds that it must dismiss the action for the lack of subject matter jurisdiction.

---

[3] The Montreal Convention confers exclusive subject matter jurisdiction in federal court over three types of claims for damages against an international carrier: 1.) injury to passengers (Article 17); 2.) damage/loss of luggage (Article 18); and 3.) delay to passengers or luggage (Article 19). Montreal Convention art. 17–19, 24.

[4] Defendant Air Jamaica makes the limitations' period argument in the alternative, in the event that this Court finds jurisdiction proper under the Montreal Convention. (DE #20).

3

In the Amended Complaint, Plaintiff Campbell purports to assert claims for damages under both Article 17 and Article 19 of the Convention.[5] Article 19 provides for carrier liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, art. 19. Damages for delay under Article 19 are limited to economic damages, such as taxi fare that a passenger must pay if he is forced to find alternate transportation from the airport due to flight delays. *See generally Vumbaca v. Terminal One Group Ass'n L.P.*, No. 11-5535, 2012 WL 1377074, *16 (E.D.N.Y. Apr. 20, 2012) (stating that the types of damages recoverable under Article 19 are economic losses occasioned by delay such as taxi fare or replacement of personal items); *Sobol v. Cont'l Airlines*, No. 05–8992, 2006 WL 2742051, *5 (S.D.N.Y. Sept. 26, 2006) (stating that Article 19 only applies to "economic loss occasioned by delay in transportation"). In other words, damages for emotional distress caused by delay are not recoverable under Article 19. *See, e.g., Lee v. American Airlines Inc.*, Case No. CIV.A. 301CV1179P, 2002 WL 1461920, at *3 (N.D. Tex. July 2, 2002) (denying emotional damages caused by delay that resulted in, among other inconveniences, passengers "being trapped in a 'holding area' without adequate food, water, restroom facilities, and . . . being forced to spend the night in substandard, dirty, and unsafe motels . . . ."), *aff'd* 355 F.3d 386 (5th Cir. 2004).

Here, Plaintiff Campbell seeks $5,000,000.00 in damages allegedly incurred as a result of the delay of his travel from Kingston, Jamaica to Ft. Lauderdale, Florida. More specifically, Plaintiff Campbell alleges that "[t]he defendant acted negligently due to the delay and

---

[5] Although Plaintiff Campbell does not specifically allege damages under Article 17 of the Convention, taking the allegations of the Amended Complaint in the light most favorable to the *pro se* Plaintiff, the Court's analysis will address Article 17, as well as Article 19.

4

abandonment of the plaintiff who had to remain at the airport overnight outside the terminal building, which was under repairs, under adverse weather and became ill at the airport in Kingston, Jamaica." (Am. Compl. ¶ 12). He also alleges that he had "anxiety to make the flight since his permanent resident alien card would expire on September 9, 2009 and he would encounter problems with immigration upon arrival in the United States." (*Id.* at ¶ 15). It was not, however, until Plaintiff Campbell arrived at the Fort Lauderdale-Hollywood Airport that he sought medical attention. (*Id.* at ¶ 16). Further, Plaintiff Campbell does not allege any physical manifestations of his anxiety and emotional distress until his "collaps[e] at home in Miami," and subsequent "admi[ssion] to Jackson Memorial Hospital [in Miami, Florida] suffering from a heart attack." (*Id.* at ¶¶ 12&16). Upon careful consideration of the Amended Complaint, the Court finds that the Amended Complaint does not sufficiently allege that Plaintiff Campbell suffered any physical manifestation of his emotional distress and anxiety until his travel to South Florida was complete and he had successfully been admitted to the United States with his permanent resident alien card. Accordingly, the Court finds that Plaintiff Campbell is seeking damages for the suffering of pure emotional distress and anxiety, which are not recoverable under Article 19 of the Montreal Convention.

Plaintiff Campbell's second asserted ground for jurisdiction under the Montreal Convention is under Article 17. To satisfy Article 17's carrier liability provision for personal injury, a plaintiff must plead and establish three requirements: (1) an "accident" must have occurred; (2) injury or death must have occurred; and (3) the preceding two conditions must have occurred while "embarking or disembarking" or during the flight itself. *Marotte v. Am. Airlines, Inc.*, 296 F.3d 1255, 1259 (11th Cir. 2002). Upon review of the Amended Complaint, the Court

5

finds that Plaintiff Campbell has not sufficiently alleged the occurrence of an "accident" to invoke Article 17.

"An 'accident' under Article 17 is 'an unexpected or unusual event or happening that is external to the passenger.'" *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 165 n.9 (1999) (citing *Air France v. Saks*, 470 U.S. 392, 405 (1985)). For instance, the Ninth Circuit Court of Appeals has held that the seizure and forced checking of a passenger's carry-on bag that contained a breathing device and medication constituted an "accident" under Article 17, while the Second Circuit Court of Appeals has held that the searching of a passenger before boarding does not. *Compare Prescod v. AMR, Inc.*, 383 F.3d 861, 868 (9th Cir. 2004), *with Tseng v. El Al Israel Airlines, Ltd.*, 122 F.3d 99, 103–04 (2d Cir. 1997), *reversed on other grounds by* 525 U.S. 155 (1999). That Plaintiff Campbell suffered a heart attack does not in itself constitute the occurrence of an "accident" under Article 17. *See generally Saks*, 470 U.S. at 398 ("[T]he text of Article 17 refers to an accident which caused the passenger's injury, and not to an accident which is the passenger's injury."); *see, e.g., Cardoza v. Spirit Airlines, Inc.*, No. 10-61668, 2011 WL 2447523, *4 n.2 (S.D. Fla. June 15, 2011) ("Ms. Cardoza–Sori's cardiac arrest, alone, does not constitute an 'accident' under the Montreal Convention."). In addition, there is a general consensus that neither the delay of a flight nor the "bumping" of a passenger constitute an "accident" under Article 17. *See, e.g., In re Deep Vein Thrombosis Litigation*, No. 04-1606, 2007 WL 3027351, *14–16 (N.D. Cal. Oct. 12, 2007) (stating that delays in air travel are a reality and cannot reasonably be said to be unusual or unexpected); *Weiss v. El Al Isr. Airlines, Ltd.*, 433 F. Supp. 2d 361, 363 n.3 (S.D.N.Y. 2006) ("'Bumping' is by now a well-established airline industry practice whereby passengers are denied seats due to intentional overselling, which is intended to minimize the number of empty seats due to cancellations."). Accordingly, construing

6

the Amended Complaint in the light most favorable to *pro se* Plaintiff Campbell, none of the facts alleged constitute an "accident" to invoke jurisdiction under Article 17 of the Montreal Convention. As the Court has determined that the above-styled action does come within either Article 17 or Article 19 of the Montreal Convention, it need not reach Defendant Caribbean Airlines' limitations' period argument.[6]

Accordingly, after a careful review of the record and being otherwise fully advised, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Defendant Air Jamaica's Motion to Dismiss (**DE # 20**) be, and the same is, hereby **GRANTED**.

2. Plaintiff Campbell's Amended Complaint (**DE #9**) is **DISMISSED with prejudice** as to both Defendant Air Jamaica and Defendant Caribbean Airlines for lack of subject matter jurisdiction.

3. The Clerk shall **CLOSE** this case.

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building in Miami, Florida this 17th day of August, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[6] The Court notes, however, that if the Amended Complaint had stated a claim under the Montreal Convention, the Could would be inclined to reject the limitations' period argument, because it would be patently unfair to bar a plaintiff's suit on the basis of the limitations' period where the initial Complaint was filed within the applicable period and dismissed without prejudice to re-file. *See generally* Montreal Convention art. 35 ("Questions as to calculation of the period of limitations are left to the court of the forum.").

cc:

*Plaintiff*
**Allan Campbell**
20601 NE 1st Ct.
Miami, FL 33179
305-652-7452
PRO SE

*Counsel for Defendants*
**Vanessa Sisti Snyder**
Hogan Lovells US LLP
200 South Biscayne Blvd, Suite 400
Miami, FL 33131
305-459-6620
Fax: 305-459-6550
Email: vanessa.snyder@hoganlovells.com

**John Maggio**
Condon & Forsyth
7 Times Square
18th Floor
New York, NY 10036
212-894-6792
Fax: 894-6793
Email: jmaggio@condonlaw.com

**Robert C. Owens**
18890 SW 264th St
Homestead, FL 33031
305-245-6813
Fax: 305 245 6403
Email: bobowens@avlaw.com